IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL MORRIS,

    Plaintiff,

vs.                                         CASE NO. 5:11-cv-350/RS-EMT

PLANT PERFORMANCE SERVICES,
LLC,

    Defendant.
_____ /

## ORDER

Before me are Plaintiff's Motion to Remand (Doc. 6), Defendant's Response in Opposition (Doc. 11), and Plaintiff's Motion for Leave to File Reply (Doc. 12).

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. *See* 28 U.S.C § 1441(a). A removing defendant has the burden of establishing by a preponderance of the evidence that federal jurisdiction exists. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "In assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal . . . unambiguously establish federal jurisdiction." *Rollo v. Keim*, 2009 U.S. Dist. LEXIS 56292, 5-6 (N.D. Fla. 2009) (*citing Lowery v. Ala. Power Co.*, 483 F.3d 1184, 13 (11th Cir. 2007)). In the context of diversity jurisdiction, a removing defendant must

demonstrate that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship.  *See*  28 U.S.C. § 1332.

Here, the parties agree that there is complete diversity of citizenship.  The only dispute concerns the amount in controversy.  If the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, then "the court must remand."  *Rollo*, 2009 U.S. Dist. LEXIS at 5-6 (*citing Lowery*, 483 F.3d at 1211).

Defendant has introduced persuasive evidence that Plaintiff's salary was approximately $1,811.00 per week.  (Doc. 1, p.3, n.1).  While it is somewhat unclear, "back pay for purposes of the amount in controversy requirement should be calculated to the date of trial."  *Fusco v. Victoria's Secret Stores, LLC*, 2011 U.S. Dist. LEXIS 98194, *11 (M.D. Fla. 2011).  There are 84 weeks between the date Plaintiff's job was terminated in September 14, 2010,[1] to the trial date on April 26, 2012.[2]  Thus, the amount of back pay arguably could total $152,000.

Plaintiff insists that it is mere speculation to arrive at any monetary figure because the time period for which unpaid wages are sought is not specified in the complaint.  However, all indications are that, at a minimum, Plaintiff seeks recompense for the period starting at his termination date and ending at the trial date—more than a year.  In addition, Plaintiff seeks recovery of attorneys' fees which increases the amount in controversy.

Plaintiff also asserts that the amount in controversy is lessened because Plaintiff has mitigated his damages by finding different employment.  Mitigation is not mentioned

---

[1] (Doc. 11, Exhibit A).
[2] *See* Initial Scheduling Order (Doc. 5).

in the Complaint.  However, Plaintiff has filed an affidavit stating that he has earned $45,600 in wages from September 14, 2010 to September 30, 2011.  (Doc. 6, p.10).  "Most courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation." *Fusco v. Victoria's Secret Stores, LLC*, 2011 U.S. Dist. LEXIS 98194 (M.D. Fla. 2011).  Plaintiff has not stated whether he remains employed, or whether he expects this employment to continue through trial.  Plaintiff has also not stated the period for which he seeks to recover.  For these reasons, I will allow Plaintiff to Reply.

Plaintiff's Motion for Leave to File Reply (Doc. 12) is **GRANTED**.

**ORDERED** on December 5, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**