IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL MORRIS,

    Plaintiff,

vs.                                            CASE NO. 5:11-cv-350/RS-EMT

PLANT PERFORMANCE SERVICES,
LLC,

    Defendant.
_____ /

## ORDER

Before me are Plaintiff's Motion to Remand (Doc. 6), Defendant's Response in Opposition (Doc. 11), and Plaintiff's Reply (Doc. 16). I allowed the reply for the purpose of addressing Plaintiff's mitigation of damages. (*See* Doc. 13).

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. *See* 28 U.S.C § 1441(a). A removing defendant has the burden of establishing by a preponderance of the evidence that federal jurisdiction exists. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "In assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal . . . unambiguously establish federal jurisdiction." *Rollo v. Keim*, 2009 U.S. Dist. LEXIS 56292, 5-6 (N.D. Fla. 2009) (*citing Lowery v. Ala. Power Co.*, 483 F.3d 1184, 13 (11th

Cir. 2007)).  In the context of diversity jurisdiction, a removing defendant must demonstrate that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship.  *See*  28 U.S.C. § 1332.

Here, the parties agree that there is complete diversity of citizenship.  The only dispute concerns the amount in controversy.  If the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, then "the court must remand." *Rollo*, 2009 U.S. Dist. LEXIS at 5-6 (*citing Lowery*, 483 F.3d at 1211).

Defendant has introduced persuasive evidence that Plaintiff's salary was approximately $1,811.00 per week.  (Doc. 1, p.3, n.1).  While it is somewhat unclear, "back pay for purposes of the amount in controversy requirement should be calculated to the date of trial."  *Fusco v. Victoria's Secret Stores, LLC*, 2011 U.S. Dist. LEXIS 98194, *11 (M.D. Fla. 2011).  There are 84 weeks between the date Plaintiff's job was terminated in September 14, 2010,[1] to the trial date on April 26, 2012.[2]  Thus, the amount of back pay arguably could total $152,000.

However, Plaintiff asserts that the amount in controversy is lessened because Plaintiff has mitigated his damages by finding different employment.  Plaintiff has filed an affidavit stating that he has earned $45,600 in wages from September 14, 2010 to September 30, 2011.  (Doc. 6, p.10).  In addition, Plaintiff has stated that he expects his income to continue at $1641 per week through the date of trial.  (Doc. 16, p.6).  "Most courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation." *Fusco v. Victoria's Secret Stores,*

---

[1] (Doc. 11, Exhibit A).
[2] *See* Initial Scheduling Order (Doc. 5).

*LLC*, 2011 U.S. Dist. LEXIS 98194 (M.D. Fla. 2011).  Thus, the total amount of back pay, $152,000, is reduced by the amount Plaintiff has earned and expects to earn through trial.  The amount in controversy is $152,000 - $45,600$^3$ - ($1,641 x 29 weeks)$^4$ = $58,811.  This amount will not be augmented by predicted attorneys' fees.  *See Federated Mut. Ins. Co. v. McKinnon Motors,* 329 F.3d 805, 808, n.4 (11th Cir. 2003) ("The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**. Defendant's Motion for Leave to Reply (Doc. 17) is **DENIED**.

**ORDERED** on December 13, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

---

$^3$ Amount Plaintiff earned from time of firing until September 30, 2011.
$^4$ Amount Plaintiff is projected to earn from the twenty nine weeks between September 30, 2011 until trial date of April 26, 2012.